BOSTON & MAINE RAILROAD, SUCCESSOR TO BOSTON & LOWELL RAILROAD CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8847, 9102.  Promulgated October 4, 1927.

1. Many years prior to the taxable year the Boston & Lowell Railroad Corporation leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

2. No portion of premiums at which bonds were issued, which bonds were outstanding at the close of the taxable year, represented income within the taxable year.

*J. S. Y. Ivins, Esq.*, and *O. R. Folsom-Jones, Esq.*, for the petitioner.

*M. N. Fisher, Esq.*, and *P. J. Rose, Esq.*, for the respondent.

The Commissioner determined deficiencies in income and profits tax of $9,562.06 for the calendar year 1918 and $62,138.47 for the fiscal period January 1 to November 30, 1919. The issues involved are (1) whether the payment, under the terms of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor and (2) whether the premiums received upon the sale of bonds prior to March 1, 1913, should be spread over the life of the bonds and figured as income accrued ratably over that period.

### FINDINGS OF FACT.

The Boston & Lowell Railroad Corporation was during the taxable periods involved a Massachusetts corporation with its principal office at Boston. It was the owner of a railroad which it leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of petitioner for each year was payable and was paid by its lessee in the following year.

The Commissioner computed a Federal income tax of $76,017.16 upon the income of the Boston & Lowell Railroad Corporation, as revised by him, for the year 1918 and added the said amount to the lessor's income for the year 1918. He also computed a tax of $56,489.52 upon income of the Boston & Lowell Railroad Corporation for the period January 1 to November 30, 1919, and added this amount to the lessor's taxable income for the period January 1 to November 30, 1919. The income-tax return of the Boston & Lowell Railroad Corporation for the calendar year 1917 showed a tax liability of $37,599.03 computed upon the income of the Boston & Lowell Railroad Corporation for that year without the inclusion therein of any amount on account of tax paid by that company's lessee and its return for the year 1918 showed a tax liability of $75,645.47 computed upon the income of the Boston & Lowell Railroad Corporation for that year without the inclusion therein of any amount on account of tax paid by the lessee. The aforementioned taxes for the years 1917 and 1918 were paid by the Boston & Maine Railroad, petitioner's lessee, during the calendar years 1918 and 1919, respectively.

11340°—28——34

The Boston & Lowell Railroad Corporation kept its books and rendered its returns upon an accrual basis.

The Boston & Lowell Railroad Corporation was merged with the Boston & Maine Railroad December 1, 1919.

By virtue of the lease above mentioned and the subsequent merger, the Boston & Maine Railroad undertook to pay the tax accrued against the Boston & Lowell Railroad Corporation. The Boston & Maine Railroad also kept its books and made its tax returns upon the accrual basis.

OPINION.

LITTLETON: The first issue is controlled by the decision of the Board in *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186. On the authority of that decision it is held that the amount of Federal income tax upon petitioner's income for 1917 and paid by petitioner's lessee in 1918 constituted additional income to petitioner in the latter year, that the amount of Federal income tax due upon petitioner's income for 1918 without the inclusion therein of any amount on account of income tax paid in that year by the lessee as the tax upon the income for the year 1917 constituted additional taxable income in 1919.

The second issue is governed by the decision of the Board in *Old Colony Railroad Co.*, 6 B. T. A. 1025. On the authority of the decision in that proceeding it is held that no portion of the premiums at which bonds which were outstanding at the close of each of the taxable years involved were issued constituted income during the taxable years.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*